UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

**GREGORIO DeLOSO,**
**SHANE DUVIGNEAUD,**
**and GEORGE T. STARR, III,**

    **Plaintiffs,**

v.                                             Civil Action No: 5:12-1165
                                             (Judge_____)

**MULTIFRESH, INC.**,

    **Defendant.**

## COMPLAINT

Plaintiffs allege and state as follows:

1. This is an action brought by the Plaintiffs, Gregorio DeLoso, Shane Duvigneaud and George T. Starr, III, on behalf of themselves and others similarly situated to recover damages due and owing to them as a direct result of the Defendant Multifresh, Inc.'s violation of Federal law known as the Fair Labor Standards Act for failure to pay minimum wage to employees pursuant to 29 U.S.C. 206, Fair Labor Standards Act, Section 6. This is an individual action, as well as a proposed collective action under 29 U.S.C. §216(b), for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of Defendant's commonly applied policy and practice of designating Plaintiffs and other similarly situated employees who were not paid overtime in violation of federal and state wage and

hour laws. Plaintiffs bring this action in their individual capacity, and as a class representative on behalf of all other similarly situated individual employees of the defendant who were similarly affected by defendant's violation of the Act.

2. At all times relevant and material hereto, Plaintiff Gregorio P. DeLoso, Sr. was a citizen and resident of Raleigh County, West Virginia and was employed by Defendant Multifresh, Inc.

3. At all times relevant and material hereto, Plaintiff Shane Duvigneaud was a citizen and resident of Raleigh County, West Virginia and was employed by Defendant Multifresh, Inc.

4. At all times relevant and material hereto, Plaintiff George T. Starr, III was a citizen and resident of Raleigh County, West Virginia and was employed by Defendant Multifresh, Inc.

5. At all times relevant and material hereto, Defendant Multifresh, Inc., was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Defendant Multifresh, Inc. operates a place of business known as the Market Street Location, in Raleigh County, West Virginia and is within the jurisdiction of this Court. Further, Defendant Multifresh, Inc. is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

6. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendant may be found in this district and the challenged conduct occurred in this state.

8. Plaintiffs sue on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action." Plaintiffs and the putative class are similarly situated in that they are all subject to Defendant's common plan or practice of not paying for hours worked and other violations of said Act.

9. At all times relevant and material hereto, Defendant Multifresh, Inc. was fully aware of the exact duties and responsibilities assigned to Plaintiffs and therefore, knew or should have known, and they were illegally not being paid for hours worked.

10. At all times relevant and material hereto, Defendant Multifresh, Inc. was also fully aware of the law requiring payment for hours worked.

11. Despite this knowledge, Defendant Multifresh willfully, and or negligently, failed and refused to correct its illegal actions, and to pay the Plaintiffs for the time they worked by deducting hours for lunches, which were not taken by the Plaintiffs and others summarily situated.

12. In addition, during this time, Plaintiffs frequently worked more than forty (40) hours each week, but, despite his non-exempt job duties, they were never paid wages for hours actually worked in excess of forty (40) hours per week.

13. Plaintiff Gregorio P. DeLoso, Sr., began employment with Multifresh, Inc. on July 1, 2008, and was continuously employed thereafter until the Plaintiff, Gregorio P. DeLoso, Sr.'s, employment was terminated on July 1, 2011.

14. Plaintiff Shane Duvigneaud, began employment with Multifresh, Inc. on January 1, 2006, and was continuously employed thereafter until the Plaintiff resigned on November 15, 2011.

15. Plaintiff George T. Starr, III began employment with Multifresh, Inc. in June of 2007 and was continuously employed thereafter until the Plaintiff resigned in August 2011.

16. Without limitation, Defendant Multifresh, Inc. would make the following specific wage and hour violations.

    a. Deduction for lunch, even though the plaintiff was required to work through lunch.
    b. Failure to pay proper overtime wages.

17. Defendant Multifresh, Inc., in violation of said of both Federal and State law, failed to pay Plaintiffs' wages and benefits due and owing, which were earned by the Plaintiffs.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

18. The preceding paragraphs are re-alleged, as if restated herein.

19. Based on the foregoing, Defendant Multifresh, Inc.'s conduct was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which he was not paid for hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO

### COLLECTIVE ACTION CLAIM FOR
### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON
### BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY
### SITUATED EMPLOYEES, CURRENT OR FORMER

20. The preceding paragraphs are re-alleged, as if restated herein.

21. Based on the foregoing, Defendant Multifresh's conduct was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which he was not paid for hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT THREE

## VIOLATION OF THE WEST VIRGINIA
## WAGE PAYMENT AND COLLECTION ACT
## 21-5 et seq.

22. The preceding paragraphs are re-alleged, as if restated herein.

23. This is an action brought by the Plaintiffs on behalf of themselves and others similarly situated to recover damages due and owing to them as a direct result of the defendants' violation of the "West Virginia Wage Payment and Collection Act" (hereinafter "W.Va. Act"), Chapter 21, Article 5, et seq., West Virginia Code.

24. The Plaintiffs institute these proceedings and invokes the jurisdiction of this Court to obtain wages due, liquidated damages, interest and any other legal or equitable relief as the Court deems appropriate, including general damages, as well as an award of reasonable attorney fees and costs all arising from defendant's failure to compensate the Plaintiffs and others in violation of the W.Va. Act.

25. This action is brought for individual claims of the named Plaintiffs, and pursuant to West Virginia Rules of Civil Procedure 23 as a class action on behalf of the named Plaintiffs, and on behalf of all employees who were not paid wages or benefits due and owing to them as a direct result of the Defendant Multifresh, Inc.'s violation of the W.Va. Act.

26. It is the public policy of the State of West Virginia that every person, firm or corporation doing business in this State to pay wages due to employees, and the failure to so settle is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

27.   Whenever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two (72) hours or if a person resigns by the next pay period**. W. Va. Code § 21-5-4**.

28.   Defendant Multifresh, Inc., in violation of said W.Va. Act failed to pay Plaintiffs who is no longer employed as stated herein, wages due and owing, within seventy-two (72) hours which were earned by the Plaintiffs or by the next pay period.

29.   As a direct and proximate result of defendant's failure to pay the Plaintiffs, wages in violation of said W.Va. Act, the Plaintiffs are entitled to an award of the wages due, plus interest.

30.   As a direct and proximate result of Defendant Multifresh, Inc.'s failure to pay the Plaintiffs, wages in violation of said W. Va. Act, the Plaintiffs are entitled, in addition to the actual wages, liquidated damages in an amount which was unpaid when due, for three times that unpaid amount as liquidated damages.  **W. Va. Code § 21-5-4(e)**.

31.   As a direct and proximate result of Defendant Multifresh, Inc.'s failure to pay the Plaintiffs, wages in violation of said W. Va. Act, the Plaintiffs are entitled to reasonable attorney fees and costs.

WHEREFORE, the Plaintiffs demand:

1. Judgment against the defendants for an amount equal to loss of all wages, plus interest;
2. Liquidated damages;
3. Attorney fees and costs; and
4. Such further equitable and legal relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**GREGORIO DeLOSO,
SHANE DUVIGNEAUD,
and GEORGE T. STARR, III,**
By Counsel

*/s/ J. Michael Ranson*
_____
**J. Michael Ranson State Bar # 3017
Cynthia M. Ranson State Bar # 4983
George B. Morrone III, State Bar #4980**
RANSON LAW OFFICES
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990