IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GREGORIO DELOSO, et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO.  5:12-cv-01165

MULTIFRESH, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment* ("Def.'s Mot.") (Document 6), the memoranda in support (Document 7) and in opposition thereto (Document 10).  The Court has also reviewed *Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA* ("Pls.' Mot.") (Document 15).

After careful consideration of the same and the governing pleading, the Court finds that Defendant's alternative request for summary judgment and the unopposed motion for a conditional class certification should be denied.

*I.*

Plaintiffs, Gregorio DeLoso, Shane Duvigneaud and George T. Starr, III, bring this wage and hour violation claim on behalf of themselves and others similarly situated against their former employer, Defendant Multifresh, Inc., for violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 206, and West Virginia's Wage Payment and Collection Act ("WPCA"), W, Va. Code § 21-5-1, *et seq*. Plaintiffs allege that they were employed by Defendant[1], that Defendant is an employer engaged in interstate commerce as defined by the FLSA, and that Defendant "willfully, and or negligently, failed and refused to . . . pay the Plaintiffs for the time they worked by deducting hours for lunches, which were not taken by the Plaintiffs and others similarly situated." (Compl. ¶¶ 2-5, 11.) Plaintiffs also allege that they "frequently worked more than forty (40) hours each week, but despite his [sic] non-exempt job duties, they were never paid wages for hours actually worked in excess of forty (40) hours per week." (Compl. ¶ 12.) According to Plaintiffs, Defendant "was fully aware of the exact duties and responsibilities assigned to Plaintiffs, and therefore, knew or should have known, and [sic] they were illegally not being paid for hours worked." (Compl. ¶ 9.) Consequently, Plaintiffs assert that they are individually, and on behalf of the putative class of similarly situated employees, "entitle[d] [to] compensation for all hours in which he [sic] was not paid for hours worked, overtime hours worked, liquidated damages, attorneys' fees and court costs" due to Defendant's violation of the FLSA. (Compl. ¶¶ 18-21) (counts one and two). In their third claim, Plaintiffs assert that Defendant failed to pay their wages in full within seventy-two hours of their termination or resignation or the next pay period, pursuant to W. Va. Code § 21-5-4. Plaintiffs seek actual wages, attorney fees and costs and liquidated damages that are three times the amount of their unpaid wages pursuant to the West Virginia Wage Payment and Collection Act. (Compl. ¶¶ 22-31.)

---

1  Specifically, Plaintiffs allege that DeLoso began his employment with Defendant on July 1, 2008, and worked there until he was terminated on July 1, 2011; that Duvigneaud was employed from January 1, 2006, until his resignation on November 15, 2011; and that Starr's employment with Defendant was from June 2007 until his resignation in August 2011. (Compl. ¶¶ 13-15.) All Plaintiffs allege that their employment was continuous during the periods set forth.

*II.*

In this motion, Defendant pursues alternative paths of relief: dismissal of Plaintiffs' Complaint for its failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or summary judgment pursuant to Rule 56.  A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The well established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U .S. 242, 247 (1986).

Rule 12(d) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P.12(d).  The Court has reviewed the record and finds that both parties have attached exhibits to their submissions, none of which were excluded from this Court's consideration.  Therefore, the Court will address the motion as one for summary judgment.  Rule 12(d) further provides that "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion."  (*Id*.)  The Court finds that Defendant expressly included Rule 56 as a possible option for its motion and each party has already been afforded an opportunity to "present all materials pertinent to the motion."

The moving party bears the burden of showing that there is no genuine issue of material

fact, and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. (*Id.*) Rule 56 of the Federal Rules of Civil Procedure requires that,

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

### III.

In its two-page memorandum supporting the pending motion, Defendant contests Plaintiffs' allegations that they were employees of Multifresh. In support of this isolated assertion, Defendant proffers the notarized Affidavit of Keith Crook. In the May 24, 2012 Affidavit, Mr. Crook simply swears that none of the Plaintiffs were employed by Defendant during the specific periods alleged in the complaint. (*See* Def.'s Mot. Ex. 1 (Document 6-1)). Defendant does not offer any details with respect to the identity of this affiant or the means by which he has this knowledge.

In a similarly brief opposition, Plaintiffs contend that they were employed by Defendant Multifresh. (Plaintiff's [sic] Response to Defendant's Motion to Dismiss or Motion for Summary

4

Judgment (Document 10) at 1) ("Certainly, Multifresh and the Plaintiffs are aware of the truthfulness of the representations made as to whether the Plaintiffs were employed by Multifresh. Thus, it appears that one of the two is committing a fraud upon the Court.")  In support thereof, each Plaintiff has submitted a notarized affidavit attesting to their periods of employment with Defendant. (Pls.' Resp. Ex. A-C (Document 10-1-10-3)). The Court observes that the periods of employment listed in the affidavits are not consistent with those in the Complaint. DeLoso now swears he was employed by Multifresh in "approximately July, 2008" until his termination on "July 1, 2010." (Pls.' Resp. Ex. A.)  Duvigneaud attests that he moved to West Virginia in September or October of 2006 and that he started working for Multifresh "shortly thereafter."  He also states that his employment ended "approximately November 15, 2011." (Pls.' Resp. Ex. B.)  Starr states that he began his employment with Defendant "sometime in 2006 or 2007" and that his final date of employment was "approximately August 2011."  (Pls.' Resp. Ex. C.)  He also now asserts that during this time "he was hired and resigned and was rehired on multiple occasions." (*Id.*)

"Individuals seeking compensation pursuant to the FLSA 'bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act.'"  *Purdham v. Fairfax County School Bd.* , 637 F.3d 421, 427 (4th Cir.  2011) (quoting *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999).  Pursuant to the FLSA, "'employ' [means] to suffer or permit to work."  29 U.S.C. § 203(g).  None of the parties place into dispute relevant facts instrumental in a court's consideration of whether a person is an "employee" under the FLSA.  There is no discussion of the duties or services performed by any Plaintiff or any promise or expectation of compensation

for services rendered. As should be obvious, the competing affidavits present a genuine dispute about the nature of Plaintiffs' employment with Defendant, a fact necessary and material to the determination of the claims asserted in this case. In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the nonmoving party, nonetheless, must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. If factual issues exist that can only be resolved by a trier of fact, because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. Plaintiffs have met the Defendant's challenge to their employment, and affording all reasonable inferences to them, as the non-moving parties, the Court finds that summary judgment is inappropriate in this case.

*IV.*

Plaintiffs move, pursuant to Section 216(b) of the FLSA for a court-authorized notice of this case and a conditional class certification for similarly situated employees of Defendant Multifresh. In their motion, Plaintiffs assert that "they did not receive *bona fide* meal periods as defined by 29 CFR § 785.19"; that they were "entitled to compensation for all hours worked once the continuous workday began" and that they were docked each work day as if they did receive a bona fide meal period." (Pls.' Mot. at 1-2.) Plaintiffs seek to conditionally certify a collective action comprised of "all employees of Multifresh in West Virginia who were not paid for time while still performing duties during their 'lunch break' after April 16, 2009." (Pls.' Mot. Ex. A,

[Proposed] Notice of Collective Action (Document 15-1) at 2.)

When a plaintiff is aggrieved by the underpayment of overtime wages, Section 216(b) of the FLSA provides that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "The Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement . . . [Section] 216(b) . . . by facilitating notice to potential plaintiffs.'" *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F.Supp.2d 544, 547 (E.D.Va. 2009) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The FLSA provides for "an 'opt-in' scheme whereby potential plaintiffs must affirmatively notify the court of their intention to become a party to the collective action." *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D.Md. 2006). The certification of a collective action generally follows a two-step approach, wherein the first step, known as the notice or conditional certification stage, generally occurs early in the litigation before the completion of discovery. *Cleary v. Tren Serv., Inc.*, Civil Action No.2:11-cv-123, 2012 WL 1189909, *3 (S.D. W. Va. Apr. 9, 2012 (Goodwin, J.). It is during this stage that the district court determines "'whether the plaintiffs have demonstrated that potential class members are 'similarly situated,' such that court-facilitated notice to the putative class members would be appropriate." *Syrja v. Westat, Inc.*, 756 F.Supp.2d 682, 686 (D.Md.2010) (quoting *Camper v. Home Quality Mgmt. Inc*., 200 F.R.D. 516, 519 (D.Md. 2000)). A plaintiff must "make a preliminary factual

showing that a similarly situated group of potential plaintiffs exists." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F.Supp.2d 762, 771 (D.Md.2008) (citations omitted). "While the plaintiff need only put forward relatively modest evidence at this stage, mere allegations in the complaint would not suffice." *Archer v. Freedmont Mortg. Corp.*, Civil Action No. GLR-12-1099, 2013 WL 93320, *3 (D.Md. Jan. 7, 2013) (internal quotations and citations omitted); *Quinteros*, 532 F.Supp.2d at 772. At this stage, district courts apply a "fairly lenient standard" to determine whether the plaintiffs are similarly situated. *MacGregor v. Farmers Ins. Exch.*, Civil No. 2:10-cv-03088, 2012 WL 2974679, *1 -2 (D.S.C. July 20, 2012) (quoting *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). However, while the burden of showing that the potential class members are similarly situated is 'not onerous,' it is also 'not invisible.'" *MacGregor*, 2012 WL 2974679 at *2 (quoting *Purdham*, 629 F.Supp.2d at 548). "If the court finds that the plaintiffs have cleared this 'low bar,' it will conditionally certify the class and, if appropriate, 'authorize[ ] plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in.'" *Byard v. Verizon West Virginia, Inc.*, Civil Action No.1:11CV132, 2012 WL 5249159, at *1 (N.D. W.Va., Oct. 24, 2012) (quoting *Romero v. Mountaire Farms, Inc.*, 796 F.Supp.2d 700, 705 (E.D.N.C. 2011)) (internal citation omitted). The second step generally will follow the conclusion of discovery. At this stage, a district court will "engage[] in a more stringent inquiry to determine whether the plaintiff class is [in fact] 'similarly situated' in accordance with the requirements of [Section] 216, and render[] a final decision regarding the propriety of proceeding as a collective action." *Archer*, 2013 WL 93320, at *2. (quoting *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D.Md.2007)).

The Court has considered Plaintiffs' motion with an eye for the facts necessary to support

the potential of a similarly situated group of employees and has found none. "The central question for conditional certification and notice is whether the plaintiffs have made the required preliminary factual showing that a 'similarly situated' group of potential plaintiffs exists." *Archer*, 2013 WL 93320, at *3. (citing *Quinteros*, 532 F.Supp.2d at 771). Plaintiffs have offered nothing beyond the allegations in their pleading in support of their assertion that similarly situated, aggrieved employees exist. Plaintiffs neither assert nor proffer any factual evidence that Defendant maintains a statewide policy to deny appropriate compensation for overtime hours, or for requiring its employees to forego a lunch period. Plaintiffs have not offered any insight into their duties or those of other similarly situated employees, whether they report to a single manager, whether they work in the same location, nor have they explained by what means they were denied a bona fide meal period. (*See Marroquin*, 236 F.R.D. at 260-61 (discussing the affidavits presented by the plaintiffs in that case that showed that 113 unidentified co-workers were in the same position as the plaintiffs; that day laborers had informed one of the plaintiffs that they had been working for three weeks and had not been paid and that various affidavits "consistently [told] of underpayment, unpaid overtime and bounced paychecks."). They have not presented this Court with any information to support a reasonable basis for their claim that other workers are similarly situated, as Plaintiffs acknowledge is required. (*See* Pls.' Mot. at 2) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008)). The Court is mindful that at the first step of this process, the Plaintiffs need only clear a low bar to obtain a conditional certification. However, it is a bar just the same. In this instance, Plaintiffs have not presented any facts that support clearing the bar. Consequently, the Court finds that their request for the first step of certification, namely notice and order of discovery, should be denied.

*V.*

Therefore, upon consideration of the foregoing, the Court converts the instant motion to a motion for summary judgment and hereby **ORDERS** that Defendant's *Motion to Dismiss, or, in the Alternative*, *Motion for Summary Judgment* (Document 6) be **DENIED**. Additionally, the Court **ORDERS** that *Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA* (Document 15) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 4, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA