IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GREGORIO DELOSO, et al.,

          Plaintiffs,

MARION W. TONEY,

          Consolidated Plaintiff,

V.           CIVIL ACTION NO. 5:12-cv-01165
          (consolidated with 5:13-cv-25058)

MULTIFRESH, INC., and
EMPLOYERS' INNOVATIVE NETWORK, LLC,

          Defendants.

**ORDER**

The Court has reviewed the *Plaintiffs' Motion to Strike Pleadings and Enter Judgment for the Plaintiffs* (Document 82), the *Plaintiffs' Objection to Discovery Responses Filed by Multifresh in Violation of this Court's Order and Plaintiffs' Motion to Strike* (Document 88), and *Defendant Multifresh's Response to Plaintiffs' Motion to Strike Pleadings and Enter Judgment for the Plaintiffs* (Document 89). No further briefing on this matter has been submitted, though each party in this case has filed a motion for summary judgment on the merits. For the reasons stated herein, the Court finds that the Plaintiffs' motions should be denied.

          **I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs in this case,[1] all former delivery truck drivers or warehouse workers at Multifresh, allege violations of the Fair Labor Standards Act (FLSA) and the West Virginia Wage

---

1 Toney v. Multifresh, Inc., 5:13-cv-25058, presenting nearly identical claims, was consolidated with this action on December 20, 2013, via Court order. (Document 65.)

Payment and Collection Act (WPCA). They assert that Multifresh and/or Employers Innovative Network (EIN) deducted half an hour from each of their time cards for a lunch break, when in fact no break was taken. They further assert that wages due and owing to them were not paid within seventy-two (72) hours, as then required by the WPCA.[2]

The motions now under consideration arise following a somewhat convoluted procedural history. The Plaintiffs filed their *Complaint* (Document 1) against Multifresh on April 16, 2012. The parties agreed to permit Multifresh to answer or respond by May 24, 2012. On that date, Multifresh filed a *Motion to Dismiss, or in the alternative, for Summary Judgment* (Document 6), including an affidavit from Keith Crook, an officer of Multifresh, asserting that the Plaintiffs were not, and had never been, employees of Multifresh. (Documents 6, 6-1, & 7.)

The Court issued a *Memorandum Opinion and Order* (Document 18) on February 4, 2013, treating the motion as a motion for summary judgment and denying it, finding a factual dispute as to whether the Plaintiffs were employees of Multifresh. Crook's affidavit, in which he swears that the Plaintiffs were not Multifresh employees, forms the basis for one of the Plaintiffs' alleged grounds for sanctions. The Plaintiffs point to later deposition testimony from Keith Crook in which he discusses the employment dates of the Plaintiffs as evidence that Mr. Crook signed a false affidavit and committed a fraud on the Court. Multifresh argues that the affidavit accurately reflected Mr. Crook's understanding that the workers were employed by EIN and leased to Multifresh. (Def. Multifresh's Resp. to Mot. for Judgment, Document 89, at 2.)

---

2 The WPCA was amended, effective July 12, 2013, and now requires payment of wages to discharged employees by the earlier of the next regular payday or within four (4) business days. W. Va. Code § 21-5-4(b). For employees who quit or resign, payment must be made by the next regular payday or, if the employee gives at least one pay period's written notice, at the time of quitting. *Id.* § 4(c).

Meanwhile, on January 15, 2013, the Plaintiffs filed the *Plaintiffs' Motion to Compel Defendant's Response to Outstanding Discovery* (Document 17).  Magistrate Judge VanDervort granted that motion in a February 12, 2013 *Order* (Document 19), mandating that full and complete answers and responses be filed within ten (10) days.  In their motion for sanctions, the Plaintiffs contend that Multifresh filed its responses on March 14, 2013, late and out of compliance with the deadline set by the Magistrate Judge.  (Document 82, at 4.)  However, the Court notes that a certificate of service for discovery responses was filed on February 22, 2013, within the deadline set by the Magistrate Judge.  (Document 20.)  Upon noting that discrepancy, the Court ordered both the Plaintiffs and Multifresh to provide the documents produced by Multifresh and received by the Plaintiffs in connection with the February 22, 2013 certificate of service. (Document 92.)  Without correcting their erroneous allegation, the Plaintiffs supplied what appear to be complete discovery responses from Multifresh.  (Document 93.)

Though the parties continued the discovery process, including additional extensions allegedly made necessary by Multifresh's delays, Multifresh failed to file an answer to the complaint following the Court's denial of its motion for summary judgment.  On May 30, 2013, two days after the Plaintiffs filed a *Motion for Default Judgment Against Multifresh Inc.* and proposed order granting default (Documents 35 & 36), Multifresh filed its *Answer* (Document 37). Multifresh filed a *Motion for Extension of Time to Answer or Otherwise Plead* (Document 40) about two weeks later, on June 13, 2013.  The Court denied the motion for entry of default (Document 43) and permitted Multifresh to file its answer.

The Plaintiffs detailed the alleged discovery delays and misconduct by Multifresh up to that point in the *Plaintiffs' Motion to Continue Upon a Denial of Motion for Default* (Document

38), which the Court granted, entering a new *Scheduling Order* (Document 39). The Court also granted the Plaintiffs' motion for leave to file an amended complaint to add EIN as a defendant—prompted by Multifresh's contention, based on a contract between Multifresh and EIN, that EIN was the Plaintiffs' employer. (*See Order*, Document 44, and *Am. Compl.*, Document 45.) EIN filed a *Motion to Dismiss* (Document 54), arguing that it served as a Professional Employer Organization (PEO) and managed payroll for Multifresh, but that Multifresh was the employer of the Plaintiffs within the meaning of the FLSA and WPCA. The Court denied EIN's motion to dismiss. (*See* Document 67.)

The incident that prompted the Plaintiffs' motion for judgment (Document 82) and motion to strike discovery responses (Document 88) arose out of a second request for production of documents filed by the Plaintiffs on January 13, 2014. The Plaintiffs filed a motion to compel responses on February 20, 2014.[3] (Document 73.) On February 26, 2014, well after the deadline for responding to the discovery request, and prior to responding to the motion to compel, Multifresh filed a *Motion to Extend Time to Respond* until March 26, 2014, due to the "large quantity of information they must review" and the Defendants' "prescheduled business commitments." (Document 76.) The Court granted in part and denied in part the motion to extend, finding no showing of good cause, but, to avoid prejudice to other parties in need of the information at issue, granted a brief extension to March 7, 2014. (*See* Document 80.) Multifresh filed a certificate of service for its answers to the Plaintiffs' second request for production of documents on March 26, 2014. (Document 87.) As the Plaintiffs note, this was "the date initially sought by Multifresh and unequivocally denied by this Court." (Document 88 at 2.)

---

3 Though this motion has not been ruled upon, it is likely moot due to Multifresh's subsequent motion for an extension of the deadline and late production of some documents, as well as the Plaintiffs' subsequent motion to compel production of additional documents in relation to the same discovery request.

4

The Plaintiffs further contend that the discovery responses totaled only forty-five pages and were otherwise deficient.[4] (*Id.*) Multifresh asserts that it had not received the Plaintiffs' January 26, 2014, second request for production as of February 4, 2013, and asked the Plaintiffs' counsel to resend it by email on that date.[5] (Document 89 at 2–3.) Multifresh further contends that responding to the discovery requests entailed the review of "over 99,000 documents" for just one portion of one request. (*Id.* at 3.) It argues that "[t]he amount of information requested by the plaintiffs and the even greater amount of information that must be sorted through to provide the requested information has been an enormous burden that Multifresh has tried its best to meet." (*Id.*)

## II.     APPLICABLE LAW

Rule 37 of the Federal Rules of Civil Procedure addresses situations in which a party fails to make disclosures or cooperate in discovery. Pursuant to Rule 37(b), a court may sanction a party for failing to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2). Specifically, "[i]f a party or a party's officer . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders [which] may include the following:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[4] Since the completion of briefing on the motions now under consideration, the Plaintiffs filed a *Motion to Compel Full Responses* (Document 109).

[5] The Court notes that Multifresh did not raise its belated receipt of the discovery request in its motion for an extension. Further, the certificate of service for the *Plaintiffs' Second Set of Request for Production of Documents* (Document 69) was filed on CM/ECF on January 13, 2014, putting the Defendants on notice of the discovery request and associated deadline.

(iii)   striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Furthermore, when a court does impose Rule 37(b)(2) sanctions, it "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Courts have "broadly interpreted the authority granted by Rule 37(b)(2) to permit sanctions for failures to obey a wide variety of orders intended to 'permit discovery.'" *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 520 (D. Md. 2010) (citing *Hathcock v. Navistar Int'l Transp. Co.,* 53 F.3d 36, 40 (4th Cir. 1995) ("[W]e agree with the basic premise that a default sanction can, under certain circumstances, be an appropriate response to a violation of a Rule 16 order [-] After all, the express terms of Rule 37 permit a trial court to impose sanctions when a party fails to obey an order to provide or permit discovery"); (citing *Brandt v. Vulcan, Inc.,* 30 F.3d 752, 756 n. 7 (7th Cir. 1994) ("While courts have only applied Rule 37(b)(2) where parties have violated a court order, courts have broadly interpreted what constitutes an 'order' for purposes of imposing sanctions.")).

"A district court has discretionary power to issue sanctions pursuant to Rule 37(b), 'derive[d] from the district court's 'broad power to protect the administration of justice by levying

6

sanctions in response to abusive litigation practices.'"  *Felman Production, Inc. v. Industrial Risk Insurers,* No. 3:09-0481, 2011 WL 4547012, at *8 (S. D. W. Va. 2011) (Chambers, J.) (quoting *S. New England Tel. Co. v. Global NAPs, Inc.,* 251 F.R.D. 82, 90 (D. Conn. 2008)) (quoting *Penthouse Int'l Ltd. v. Playboy Enters, Inc.*, 663 F.2d 371, 386 (2d Cir. 1981)). However, the Fourth Circuit Court of Appeals requires a district court to consider and balance the following four factors in determining what sanctions to impose under Rule 37(b)(2):

    (1) whether the non-complying party acted in bad faith,

    (2) the amount of prejudice that noncompliance caused the adversary,

    (3) the need for deterrence of the particular sort of non-compliance, and

    (4) whether less drastic sanctions would be effective.

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *accord Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th. Cir. 2001) (en banc), *cert. denied,* 535 U.S. 986 (2002).

    Furthermore, the Fourth Circuit has cautioned that the district court's power to impose sanctions under Rule 37(b) is "never to be exercised 'when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of (the non-complying party).'"  *Felman Production,* 2011 WL 4547012, at 9 (quoting *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503 (4th Cir. 1977)) (quoting *Societe Internationale v. Rogers,* 375 U.S. 197, 212 (1958)).  Accordingly, "[s]anctions must be weighed in light of the full record in the case."  *Felman Production,* 2011 WL 4547012, at *9 (quoting *S. New England Tel. Co.,* 251 F.R.D. at 95 (quoting *Penthouse Int'l Ltd.,* 663 F.2d at 388)).  When a default sanction is at issue, the Fourth Circuit "has emphasized the significance of warning a defendant about the

possibility of default before entering such a harsh sanction." *Hathcock*, 53 F.3d at 40. Moreover, "[t]o warrant dismissal, the offending party's conduct in the litigation must demonstrate a 'pattern of indifference and disrespect to the authority of the court.'" *Felman Production,* 2011 WL 4547012, at *9 (quoting *PVD Plast Mould Indus. Ltd. V. Polymer Grp., Inc.,* 2001 WL 1867801 (D.S.C. 2001), at *4) (quoting *Mut. Fed. Sav. Loan Ass'n v. Richards & Assocs.,* 872 F.2d 88, 92 (4th Cir.1989)).

### III. DISCUSSION

The Plaintiffs in this case have filed two separate motions seeking sanctions following Multifresh's untimely response to their discovery requests. In their motion to strike pleadings and enter judgment, filed after the Court's deadline had passed but before Multifresh had filed its untimely response, they seek entry of judgment in their favor, citing a series of delays and alleged misrepresentations. (Document 82.) After Multifresh filed its responses nearly three weeks after the extended deadline imposed by this Court, the Plaintiffs filed an objection to the discovery responses and moved to strike the allegedly deficient responses. (Document 88.) The Court notes that the Plaintiffs have also filed two motions to compel with respect to these discovery requests, leaving some question as to precisely what remedy the Plaintiffs believe would be appropriate and what purpose(s) the Plaintiffs expect the documents at issue to serve.

The conduct of Multifresh during this litigation has undoubtedly been less than exemplary. The record is rife with motions to compel, filed not because of a dispute as to the propriety of the request but because Multifresh simply failed to respond, and motions for extensions or continuances asserting delays caused by Multifresh. (*See, e.g.*, *Mot. to Cont. Disc.*, Document 22; *Mot. to Cont.*, Document 38; *Mot. for Ext.*, Document 40; and *Mot. to Ext.*, Document 73.)

8

Further, with respect to the incident that prompted the Plaintiffs' motions, Multifresh ignored the discovery response deadline until after the Plaintiffs filed a motion to compel.  It then filed a motion for an extension of time to respond (Document 76), well after the deadline had passed, in which it sought an extension of nearly six weeks beyond the original deadline and which would have permitted the discovery responses to be filed five days after the close of all discovery.   The Court found that Multifresh had failed to demonstrate good cause, but permitted a brief additional extension and set a deadline of March 7, 2014.   Multifresh disregarded that deadline by serving its discovery responses on March 26, 2014, the date it had requested and the Court had expressly denied.   One missed deadline might be inadvertent, but the pattern of repeated missed deadlines and delaying tactics on the part of Multifresh supports a finding of willfulness and/or bad faith.

However, the Plaintiffs were incorrect in asserting that Multifresh had violated Magistrate Judge VanDervort's February 12, 2013 *Order* (Document 19) granting the Plaintiffs' motion to compel and setting a deadline for service of discovery responses.  To their credit, the Plaintiffs promptly supplied the Court with the compliant responses when requested after the Court's review of the present motions and the apparently compliant certificate of service.   They failed, however, to notify the Court of the erroneous allegations contained in their motion for judgment or otherwise attempt to correct the mistake.   Violation of any court order is serious, but the repeated violations of court orders alleged here by the Plaintiffs appear to be exaggerated.

The Plaintiffs further suggest that the affidavit filed at the beginning of this litigation by Keith Crook, a Multifresh officer, constitutes fraud.  (Document 82 at 2.)   The affidavit in question consisted of sworn statements that each Plaintiff was not employed by Multifresh during the relevant timeframes.   (Document 6-1.)   Multifresh counters that Mr. Crook believed that "the

9

employees who worked at the Multifresh facilities were in fact the employees of EIN and the employees were leased to Multifresh to complete the work at the facilities," and that his affidavit was, therefore, accurate. (Document 89 at 2.)

There does not appear to be dispute that the Plaintiffs all physically worked at Multifresh, either in the warehouse or as delivery truck drivers. At best, the affidavit filed in connection with the motion to dismiss was deliberately misleading. The implication of the affidavit was that the Plaintiffs had no connection to Multifresh. Mr. Crook could have instead filed an affidavit (or the relevant contract with EIN) explaining the actual relationship as he understood it. Further, Multifresh's decision to contend, at that stage, simply that the Plaintiffs were not employed by Multifresh, but to make no mention of EIN as the alleged employer "leasing" the Plaintiffs to Multifresh, caused significant delay. It appears that EIN was not mentioned until Multifresh responded on February 22, 2013, following a motion to compel and court order, to the Plaintiffs' first set of discovery requests—approximately ten months after the Plaintiffs filed their complaint.

Based on the pattern of failing to provide information, misleading the Plaintiffs and the Court, missing deadlines, deliberate delay, and the violation of a court order, sanctions are appropriate under the Fourth Circuit's four-factor test. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir.1998). It appears that Multifresh acted in bad faith by (a) disregarding this Court's February 28, 2014 order (Document 80); (b) basing a motion to dismiss or for summary judgment on a misleading affidavit, thereby causing significant delay in reaching the genuine issue of which entity was the employer for purposes of the FLSA and WPCA; and (c) engaging in an overall pattern of delay through failure to meet deadlines. Ultimately, the Plaintiffs' prejudice is limited by their ability to obtain all information

and discovery to which they are entitled through motions to compel and motions for limited extensions. Motions for these extensions to conduct depositions or additional discovery relevant to the out-of-time disclosures can help to minimize potential prejudice.

Particularly in a case involving employees suing their employer, though, delaying tactics on the employer's part can be highly prejudicial and indicative of an attempt to overwhelm the resources of the generally less well-financed plaintiffs. In addition, the employer has the information and records that will ultimately decide this type of case, giving the employer the power to create insurmountable hurdles for plaintiffs, absent court intervention. Violating a court order is certainly conduct which calls for deterrence, as is misleading the opposing party and the Court while causing unnecessary delay. The Court finds that the sanction of default judgment is not yet appropriate given the facts presented. As mentioned above, the Fourth Circuit has cautioned against applying a sanction of default judgment without adequate warning. *Hathcock v. Navistar Int'l Transp. Co.,* 53 F.3d 36, 40 (4th Cir.1995). A less drastic sanction should be effective in this case. Importantly, this decision serves to put Multifresh on notice that any further misconduct or delay will not be tolerated.

Finding that sanctions are appropriate, but that judgment is not, the Court must determine the appropriate sanctions in this case. The Plaintiffs have moved the Court to strike the discovery responses filed in violation of the Court's February 28, 2014 order. However, the Plaintiffs have provided insufficient information for the Court to adequately evaluate the potential impact of such a ruling on Multifresh, EIN, or the Plaintiffs, themselves. For example, the discovery responses at issue may prove vital to calculating damages, if any. Thus, the Court finds that striking the responses is not the appropriate sanction in this case.

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides:

> Instead of or in addition to [other Rule 37(b)(2) sanctions] the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

In this case, the sanction of costs and fees for motions and filings directly related to Multifresh's misconduct serves to remedy much of the harm caused and to sanction and deter further conduct of this nature. A review of the docket reveals the following motions[6] filed by the Plaintiffs as a result of Multifresh's failure to provide information in a timely manner and in compliance with court-ordered deadlines:

(1) The *Plaintiffs' Response to Defendant's Motion To Dismiss or for Summary Judgment* (Document 10), treated by the Court as a motion for summary judgment. The Defendant's lack of complete candor necessitated responses from the Plaintiffs for both this early motion to dismiss, and the now-pending motion for summary judgment based on essentially the same grounds: that EIN, rather than Multifresh, was the actual employer.

(2) The *Plaintiffs' Motion to Compel Defendant's Response to Outstanding Discovery* (Document 17).[7]

(3) The *Plaintiffs' Motion to Continue Discovery* (Document 22).

---

6 Certain additional motions were filed by Plaintiffs which assert delays by Multifresh. In some instances, the Plaintiffs filed multiple and unnecessary motions. The Court has listed and will award fees only for those motions that appear both reasonable and directly related to misconduct by Multifresh.

7 The Court notes that Magistrate Judge VanDervort did not impose fees when granting the motion to compel based on the Plaintiffs' failure to certify a good faith attempt to obtain the disclosure or discovery without court action in accordance with Red. R. Civ. P. 37(a)(1). The Plaintiffs indicate in the present motion for judgment that they agreed to various extensions requested by Multifresh before finally filing this motion to compel. The Court finds that fees for this motion, viewed as part of a pattern of deliberate delay, are now appropriate as a Rule 37(b)(2)(C) sanction.

(4) The *Plaintiffs' Motion for Default Judgment Against Multifresh Inc.* (Document 35) and proposed *Order Taking Judgment* (Document 36).

(5) The *Plaintiffs' Motion to Continue Upon a Denial of Motion for Default* (Document 38).

(6) The *Plaintiffs' Motion to Compel Answers to Outstanding Discovery* (Document 73).

(7) The *Plaintiffs' Motion to Strike Pleadings and Enter Judgment for the Plaintiffs* (Document 82).

(8) The *Plaintiffs' Objection to Discovery Responses Filed by Multifresh in Violation of this Court's Order and Plaintiffs' Motion to Strike* (Document 88).

The Court finds that an award of the reasonable fees and costs associated with the above motions is an appropriate sanction against Multifresh. No less severe sanction would suffice to remedy the harm or deter the conduct. Judgment against Multifresh is a more severe sanction than necessary at this time, and other potential sanctions could have unintended and unanticipated consequences for the Plaintiffs, for Multifresh, and for EIN.

## *CONCLUSION*

Following careful consideration, for the reasons stated above, the Court hereby **ORDERS** that the *Plaintiffs' Motion to Strike Pleadings and Enter Judgment for the Plaintiffs* (Document 82) and the *Plaintiffs' Objection to Discovery Responses Filed by Multifresh in Violation of this Court's Order and Plaintiffs' Motion to Strike* (Document 88) be **GRANTED IN PART AND DENIED IN PART.** Specifically, the motions are **DENIED** as to the specific relief sought. To the extent the Plaintiffs seek Rule 37(b) sanctions based on the conduct of Multifresh, the motions are **GRANTED.** The Court hereby **ORDERS** that **SANCTIONS BE IMPOSED** against

Multifresh in the form of payment of reasonable fees and costs, including attorney's fees, associated with the motions listed *supra* in Section III for the following Documents: 10, 17, 22, 35, 36, 38, 73, 82, and 88. The Plaintiffs shall file an accounting of their reasonable expenses and attorney's fees associated with the above-listed filings with the Court **no later than May 23, 2014.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 12, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

14